

# Missouri Court of Appeals

### Southern District

### Division Two

ELIZABETH DOWNING, )
     )
     Employee-Respondent, )
     )
vs. ) No. SD32683
     )
McDONALD'S SIRLOIN STOCKADE, ) **Filed: January 17, 2014**
     )
     Employer-Appellant. )

### APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

## **AFFIRMED**

This appeal involves a workers' compensation claim filed by Elizabeth Downing ("Employee") against McDonald's Sirloin Stockade, Inc. ("Employer"). The Labor and Industrial Relations Commission ("the Commission") awarded compensation, and Employer appeals. Specifically, Employer claims the Commission erred in making an award for past medical expenses because Employer did not authorize the medical expenses. This argument is without merit, and we affirm the Commission's award.

## **Standard of Review**

"In reviewing a workers' compensation final award, 'we review the findings and award of the Commission rather than those of the ALJ.'" ***Pruett v. Federal Mogul Corp.***, 365 S.W.3d 296, 303 (Mo. App. S.D. 2012) (quoting ***Birdsong v. Waste Mgmt.***, 147 S.W.3d 132, 137 (Mo. App. S.D. 2004)). Under Section

287.495, RSMo (2000), appellate review of the Commission's award is limited to consideration of the following questions: (1) whether "the [C]ommission acted without or in excess of its powers;" (2) whether "the award was procured by fraud;" (3) whether "the facts found by the [C]ommission do not support the award;" and (4) whether "there was not sufficient competent evidence in the record to warrant the making of the award." § 287.495.1, RSMo (2000). "Whether the award is supported by competent and substantial evidence is judged by examining the evidence in the context of the whole record." *Pruett*, 365 S.W.3d at 303-04 (quoting *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 223 (Mo. banc 2003)). Furthermore, "we defer to the Commission on issues involving the credibility of witnesses and the weight to be given to their testimony." *Id.* at 304 (quoting *Pavia v. Smitty's Supermarket*, 118 S.W.3d 228, 234 (Mo. App. S.D. 2003)). Contrariwise, "[w]e independently review questions of law." *Martin v. Town and Country Supermarkets*, 220 S.W.3d 836, 844 (Mo. App. S.D. 2007).

**Factual and Procedural Background**

Employee worked as a waitress for Employer from October 1985 until October 2007. She first began to have back pain in 2005. In March 2006, Employee sought treatment on her own from a chiropractor, Dr. Wayne Webb ("Dr. Webb"). Employee reported a constant, sharp pain in her hip and leg. Employee also stated she thought the pain might be related to her work and that her work duties aggravated her pain. As treatment progressed, Dr. Webb determined an MRI was needed. Dr. Webb spoke with Employee about the need for an MRI on at least two occasions in late April.

2

In April or May 2006, Employee spoke with Employer's owner, Terry McDonald ("Owner"). Owner suggested Employee seek treatment through Employer's workers' compensation insurance. LuAnn Henderson ("Claims Representative"), a senior claims representative for Employer's workers' compensation insurance carrier, was notified of the claim around that time.

Employer referred Employee to Dr. Dennis Estep ("Dr. Estep"). Dr. Estep examined Employee on May 12, 2006. Dr. Estep recommended Employee be examined by a surgeon.

On May 18, 2006, Claims Representative spoke with Employer's assistant manager, Jim Vaughn ("Assistant Manager"). She told him she did not believe Employee's condition was compensable because (1) Employee waited so long to report it and (2) Employee did not recount a specific injury. Claims Representative told Assistant Manager she "would be contacting [Employee] to get information then would be sending out a denial."

Employer subsequently referred Employee to Dr. Brian Ipsen ("Dr. Ipsen") who examined Employee on June 13, 2006. During that visit, Employee reported severe and intolerable right leg pain. Conservative treatment, including pain medication, chiropractic care, and cortisone injections, had not provided relief. Dr. Ipsen believed proceeding to surgery was reasonable and ordered an MRI to assess the situation.

Claims Representative authorized payment for the MRI. The MRI was performed on June 17, 2006. The MRI revealed disc degeneration at L5-S1 as well as a large extrusion "causing impingement on the right S1 nerve root." Dr. Ipsen scheduled surgery for June 23, 2006.

There were three phone calls between Employee and Claims Representative in which Employee requested permission to undergo the scheduled surgery. Claims Representative finally told Employee the surgery was not authorized because the company needed more information.

Employee took out a loan and proceeded to undergo surgery by Dr. Ipsen on June 23, 2006, when Employee underwent a right L5-S1 microdiskectomy. She experienced complications from the surgery, and on June 25, 2006, Dr. Ipsen conducted a complete diskectomy. The total cost for these surgeries and related medical treatment was $43,399.23. On August 11, 2006, Employee filed a claim for compensation with the Division of Workers' Compensation ("the Division").

On June 11, 2007, Employee underwent an independent medical evaluation by Dr. Brent Koprivica ("Dr. Koprivica"). Dr. Koprivica reviewed Employee's medical records and performed a physical examination. Dr. Koprivica concluded (1) Employee's work for Employer was the prevailing factor in causing Employee's herniated disc and (2) the surgeries were reasonable and necessary to treat the herniated disc.

The Division held a hearing regarding Employee's claim for compensation. Employee presented her own testimony, her medical records, and the opinion of Dr. Koprivica. Employer presented no expert testimony. The Administrative Law Judge ("ALJ") determined the condition arose out of and in the course of employment and entered an award for (1) unpaid medical expenses for two emergency room visits, (2) temporary total disability, and (3) permanent partial disability. The ALJ did not make an award for the cost of the two surgeries.

Employee sought review by the Commission. The Commission adopted the ALJ's award and findings except with respect to the issue of past medical expenses. The Commission modified the award to include coverage of past medical expenses for the two surgeries and related medical treatment. Employer appeals.

## Discussion

In its sole point on appeal, Employer argues the facts found by the Commission do not support the award of past medical benefits for the surgeries because the medical expenses were not authorized and the treatment was not needed on an emergency basis. This argument is without merit.

The portions of Section 287.140[1] which are relevant to the present case provide that:

> 1. . . . the employee shall receive and the employer shall provide such medical, surgical, chiropractic, and hospital treatment, including nursing, custodial, ambulance and medicines, as may reasonably be required after the injury or disability, to cure and relieve from the effects of the injury. If the employee desires, he shall have the right to select his own physician, surgeon, or other such requirement at his own expense.
>
> . . . [and]
>
> 10. The employer shall have the right to select the licensed treating physician, surgeon, chiropractic physician, or other health care provider[.]

§ 287.140. Furthermore, "[a]n employer's duty to provide statutorily-required medical aid to an employee is absolute and unqualified." **Martin**, 220 S.W.3d at 844. That is, "[t]his statute requires an employer to provide an injured employee medical care but allows the employer to select the medical provider." **Pruett**,

---

[1] This and all subsequent statutory references are to RSMo Cum. Supp. (2013).

365 S.W.3d at 307. Thus, "[a]n employer is held liable for independent medical treatment incurred only when the employer has notice that the employee needs treatment, or a demand is made on the employer to provide medical treatment, and the employer refuses or fails to provide the needed treatment." *Id.* (quoting ***Hayes v. Compton Ridge Campground, Inc.***, 135 S.W.3d 465 (Mo. App. S.D. 2004)).

Section 287.140 has been interpreted to provide that where an employer has refused requested treatment, the employer will be liable for medical treatment obtained at the employee's own expense. *Id.* For example, in ***Pruett***, the claimant sustained a back injury and requested medical treatment from his employer. *Id.* at 300. The employer sent the claimant to a doctor who recommended an MRI, but the employer refused to authorize the MRI. *Id.* The claimant sought additional treatment, and when the claim came before the Commission, the Commission made an award for past medical treatment. *Id.* at 300-01. The employer appealed, and in one of its points on appeal, the employer argued the Commission erred in awarding past medical benefits because the employer had not authorized the medical treatment. *Id.* at 307. This Court disagreed based on the claimant's testimony that before treatment he had "'received a call from workers' compensation' and was told they had rejected any additional medical treatment[.]" *Id.* at 308.

Here, similarly, Employee informed Employer of the need for surgery. The recommendation and the surgery were both performed by the Employer-authorized treating doctor. Employer had the right to select the treating physician, and that is who treated the Employee. However, Claims

6

Representative stated the surgery was not authorized because she needed additional time to make her decision whether to deny the claim.

The medical evidence in the case showed the surgery was reasonable and necessary in light of Employee's job related condition. Employer has never raised a contention that additional investigation would have changed that determination. Furthermore, the Commission found the condition was compensable, and no claim of error is made with respect to that finding. Under these circumstances, the Commission did not err in making an award for past medical expenses to cover the two surgeries.

The authorities upon which Employer relies do not require a different conclusion. Employer claims this case is similar to *Anderson v. Parrish*, 472 S.W.2d 452 (Mo. App. K.C.D. 1971), and *Hayes*, 135 S.W.3d 465. That claim fails because those cases are factually distinguishable from the present case. In each of those cases, the claimant did not notify the employer prior to seeking the treatment for which he sought reimbursement. *Anderson*, 472 S.W.2d at 457; *Hayes*, 135 S.W.3d at 471. Here, in contrast, Employee notified Employer of the condition in April or May. Claims Representative spoke with Employer's representatives and Employee throughout May while Employee's condition was assessed. Furthermore, Claims Representative and Employer were notified of the need for surgery prior to the surgery. This case is not similar to the cases Employer cites.

In sum, the medical expenses in this case were necessary and reasonable to relieve the effects of the condition. Employee notified Employer of the need for treatment, and Employer refused to provide that treatment. Consequently,

the Commission did not err in finding Employer liable for the cost of the past medical treatment.  Employer's sole point is denied.

## Decision

The Commission's award is affirmed.

MARY W. SHEFFIELD, J. - OPINION AUTHOR

GARY W. LYNCH, J. - CONCURS

DON E. BURRELL, J. - CONCURS